(65 App. Div. 27.)

LYMAN, State Excise Com'r, v. FIDELITY & CASUALTY CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

PRINCIPAL AND SURETY—ACTION ON BOND—RIGHTS OF SURETY—APPEARANCE BY COUNSEL.

> Where an action is brought against a principal and surety on a bond, it is error to require the surety to acquiesce in the opening and summing up by counsel for the principal and refuse to allow it to present its own views on conflicting evidence by its counsel, as the liability of such defendants is several.

Appeal from trial term, New York county.

Action by Henry H. Lyman, as state commissioner of excise, against the Fidelity & Casualty Company of New York and another.

From a judgment in favor of plaintiff and an order denying a new trial (68 N. Y. Supp. 450), defendant company appeals.    Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles C. Nadal, for appellant.

Royal R. Scott, for respondent.

PER CURIAM.    This action was brought against the principal and surety upon an excise bond to recover the penalty thereof, to wit, the sum of $1,600, for a violation of the liquor tax law by the principal.    The principal and surety answered separately, and the issues raised by the answers were somewhat different.    Upon the trial they appeared by separate counsel.    At the close of the plaintiff's case a separate motion was made in behalf of each defendant to dismiss the complaint, and in many respects upon different grounds.    The court decided to submit but two questions of fact to the jury, viz. whether liquor was sold on the premises after 1 o'clock on the nights of February 22 and 27, 1900.    Counsel for the principal then opened the case to the jury for his client, at the close of which counsel for the surety company demanded the right to open the case in behalf of his client, and to state to the jury his client's position with reference to the evidence.    The court refused to permit such opening, and appellant's counsel excepted.    At the close of all the evidence the principal's counsel summed up for his client, and the counsel for the surety company asserted his right to also sum up in behalf of appellant.    This was objected to by plaintiff's counsel.    The objection was sustained by the court, and appellant's counsel excepted.

The liability of the defendants was several, and was not necessarily the same.    We think the court had no right, without appellant's consent, to require it to acquiesce in the opening and summing up by the counsel for the surety, and to deprive it of the right and privilege of presenting, through its counsel, its own views of the conflicting evidence, and questions upon which the jury was to pass.    Where such a case is being defended in good faith, an arrangement can ordinarily be made at the suggestion of the court, by which one counsel will discuss the questions of fact for all of a class of defendants that may be affected alike; and the court has it in its power, by limiting time of counsel in addressing the jury, to prevent the time of the court and the jury being unnecessarily occupied; but we cannot assent to the doctrine that the court may say arbitrarily that the attorney or counsel for a principal shall open and sum up the case, not only for his own client, but for the surety, whom he does not represent.

No other question in the case calls for serious consideration, but these exceptions require that the judgment and order should be reversed as to appellant, and a new trial granted, with costs to appellant to abide the event.