■ NORMAN F. LEVY et al., Doing Business as 45 REALTY Co., Appellants, v AUTHENTICOLOR, INC., et al., Respondents. (And All Related Actions.) —Order of the Supreme Court, New York County, entered June 22, 1977, insofar as that order denied appellants' motion to allow Max Gwertzman, Esq., to appear as trial counsel on behalf of appellants, unanimously affirmed, without costs or disbursements. In these joint actions embracing approximately 100 personal injury and property damage claims, suits were brought against numerous defendants including appellants with total *ad damnum* of almost $500 million. Appellants also brought suit for property

damage against numerous defendants with an *ad damnum* of almost $13 million. It appears that appellants as defendants are represented by counsel separate from counsel who represent appellants as plaintiffs. Special Term decided to have liability determined among defendants, to be followed by a determination by the court of cross complaints and assessment of damages in favor of the individual and corporate plaintiffs. The Judge appointed a committee of all plaintiffs' attorneys to prepare pleadings and all other pretrial matters on the issue of liability and also directed the committee to select counsel to try the "joint or consolidated cases as the case may be". The committee selected three attorneys to try the case for plaintiffs, two representing property damage claimants and one representing personal injury claimants. Counsel were directed to select a case or cases to try on the liability issue with the result to be binding on all plaintiffs. The court later characterized the actions before it as requiring a joint trial. The trial court did not abuse its discretion in the administration of this complicated lawsuit in not permitting appellants to be represented by two separate attorneys at the trial. The order of Special Term directed that the issues of liability among all defendants be ascertained first before the multitudinous claims for damages were established. In this way the issues of liability could be clearly established without the confusion which necessarily would be engendered by having appellants represented in the first instance by two attorneys, i.e., one to establish liability and another to prevent liability. Appellants, as defendants, will have sufficient opportunity to establish through evidence their freedom from liability, if any; and in the ensuing trial for damages can be represented by Max Gwertzman, Esq., to establish their claim for damages, if any. Concur—Lupiano, J. P., Birns, Silverman, Evans and Sullivan, JJ.