WALTER L. SCHULMAN et al., Respondents, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., et al., Appellants.

First Department, March 9, 1982

**APPEARANCES OF COUNSEL**

*Alexander J. Wulwick* of counsel (*L. Kevin Sheridan* with him on the brief; *Diamond, Rutman & Costello,* attorneys), for Donna Wehner, appellant.

*Joseph D. Ahearn* of counsel (*Michael Majewski* with him on the brief; *Ernest J. Williams,* attorney), for Consolidated Edison Co. of New York, Inc., appellant.

*Paul S. Devine* of counsel (*Edward J. Hart* and *Wade T. Dempsey* with him on the brief; *Curtis, Hart & Zaklukiewicz,* attorneys), for Rudolph D. Wehner, appellant.

*Emilio Nunez* of counsel (*Pamela Anagnos Liapakis* with him on the brief; *Lipsig, Sullivan & Liapakis, P. C.,* attorneys), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

This action was brought to recover damages resulting from injuries to the plaintiff husband, and derivatively to his plaintiff wife, that occurred when a car in which he was a passenger struck at night a mound of dirt and an excavation made in College Point Boulevard by the defendant Consolidated Edison (Con Ed). The jury has awarded the plaintiffs substantial damages. The defendants-appellants allege a number of errors at the trial.

The defendant Donna Wehner put in issue at the trial the lack of permissive use of her car by her husband, the defendant Rudolph Wehner. (The designations husband and wife are for easy reference; by the time of the trial the Wehners were divorced and each had remarried.) Each Wehner was represented by separate counsel. By stipulation of the parties, the issue of permissive use was tried by the court and decided during the trial out of the presence of the jury.

On the night of the accident the Wehners intended to go to a dinner engagement a few blocks from their house. They got into an argument and Donna left the home and walked to the dinner, expecting her husband to follow. Instead, he took the car and was involved in the series of events leading to the accident. The best that the defendant wife could say was that if her husband had asked for permission to use the car that night she would have refused. Apart from the presumption of permissive use (see *Leotta v Plessinger,* 8 NY2d 449), the evidence — that the keys were kept in a dish on a countertop in the Wehner home, that the husband knew where they were, that he could use the car whenever the wife did not need it, that on prior occasions he had used the car when the wife did not need it — properly persuaded the trial court that a course of conduct had built up between the parties implying permissive use.

■ After this issue was determined the court directed that Donna Wehner be represented for the remainder of the trial by Rudolph Wehner's attorney, permitting her counsel, however, to sit at the counsel table to confer with the husband's attorney. Consequently, the counsel of the wife's choosing could not cross-examine the several witnesses remaining nor sum up on her behalf. The effect that this withdrawal/replacement might have had upon the jury or the outcome of the action, even as to the defendant Con Ed, cannot be conjectured. We find it to be reversible error. "Under both our Federal and State Constitutions, a defendant has the right to defend in person or by counsel of his own choosing. (U. S. Const. 6th Amendt.; State Const. art. I, § 6.) Where, therefore, a defendant appears by his own attorney, there is no power in the court to assign counsel at any stage of the proceedings." (*People v Price,* 262 NY 410, 412.) This right is not restricted to criminal actions; it is equally applicable to civil actions (*Greene v Greene,* 47 NY2d 447) and even disciplinary proceedings (*Matter of Fusco v Moses,* 304 NY 424). Admittedly, the right is not unlimited, but the exceptions are not pertinent here (see *Greene v Greene, supra; Levy v Authenticolor, Inc.,* 61 AD2d 951). (See, also, *Phillips v Chevrolet Tonawanda Div. of Gen. Motors Corp.,* 43 AD2d 891; *Lyman v Fidelity & Cas. Co. of N. Y.,* 65 App Div 27.)

Given that the trial presented a closely contested question whether the excavation itself, with its pile of dirt, was properly barricaded and lighted, Con Ed argues on appeal that the resolution of liability against it may have been influenced by what it claims was an erroneous charge by the court. The jury was instructed that it could find some evidence of negligence from Con Ed's failure to observe section 692-5.0 of the Administrative Code of the City of New York which requires a person excavating in the street to place a suitable notice in a conspicuous place at all points of intersection of the street with the cross streets nearest the obstruction. A sentence concluding the section provides that the notice shall be in a form prescribed by the Department of Highways. No such notice was posted. Con Ed would excuse its compliance and the pertinence of the section because the department never prescribed a form. It

argues that any notice it put up would not satisfy the section and might even be considered a nuisance. It relies upon the holding that it is reversible error to charge a statute in the absence of evidence that it has been violated (see *Wilmot v City of New York,* 73 AD2d 201).

■ We hold that section 692-5.0 imposed a duty of observance upon Con Ed regardless of the lack of prescribed form and that the court's charge of it was not in error. The section has two segments: one imposes a duty, that the excavator shall erect suitable notices at the intersections; the other imposes a method of performance, that the notice shall be in the form prescribed by the department. The manifest intent of this and its allied section, 692-6.0, is to notify travelers of dangerous conditions to be met in the roadway. One requires warnings at the excavation itself; the other gives an advance alert at the nearest intersection. "[W]here a statute imposes a duty with directions for the method of its performance, the duty is primary and the method secondary, and when both cannot be carried out the method prescribed must yield to the performance of the duty" (McKinney's Cons Laws of NY, Book 1, Statutes, § 98) to the end that the general purpose of the legislation be fulfilled (*People ex rel. Bonheur v Christ,* 208 NY 6). In the absence of a prescribed form, the intent of the statute requires the posting of a reasonably suitable notice (see *Spiegelberg v Gomez,* 44 NY2d 920) which, of itself, would preclude any possibility of it being a nuisance (cf. *Delaney v Philhern Realty Holding Corp.,* 280 NY 461).

In view of our holding we find it unnecessary to pass upon the remaining issues raised by the appellants.

Accordingly, the judgment of the Supreme Court, New York County (SHEA, J.), entered on July 24, 1980, in favor of plaintiff Walter Schulman in the sum of $775,770.82 and in favor of his wife Michelle in the sum of $25,438.41, the jury having apportioned liability between the defendants 65% against defendant Consolidated Edison and 35% against Rudolph and Donna Wehner, the court having found that defendant Rudolph Wehner was driving his wife Donna's automobile with her permission, should be reversed, on the law, except for the determination of permis-

sive use which is affirmed, and remanded for a new trial, with costs and disbursements to abide that event.

MURPHY, P. J., CARRO, MARKEWICH, SILVERMAN and LYNCH, JJ., concur.

Judgment, Supreme Court, New York County, entered on July 24, 1980, unanimously reversed, on the law, except for the determination of permissive use which is affirmed, and remanded for a new trial, with costs and disbursements to abide that event.