■ MARY A. BYERS, Respondent, v ESTATE OF SIDNEY TUDGE, Appellant. (Action No. 1.) MARY A. BYERS, Respondent, v SIDNEY TUDGE, Appellant. (Action No. 2.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered June 7, 1985 in Columbia County, which granted plaintiff's motion to consolidate actions Nos. 1 and 2 for trial.

A horse owned by plaintiff and lodged with defendant Sidney Tudge (hereinafter defendant) allegedly fell into a well on defendant's property and drowned. Monarch Insurance Company of Ohio paid plaintiff $5,000 for her loss and then, as plaintiff's subrogor, commenced suit (action No. 2) against defendant in that amount. Thereafter, plaintiff, believing her damages from the horse's death amounted to $150,000, also instituted suit (action No. 1). Defendant then moved to dismiss action No. 1 on the ground that plaintiff had another action pending between the same parties and charged plaintiff with improperly splitting a single cause of action. Special Term disagreed and granted plaintiff's motion to have the two actions consolidated; defendant appeals.

We affirm. Plaintiff's interest and that of the insurer, though arising out of the same transaction, are distinct and cognizable *(see, Skinner v Klein,* 24 AD2d 433). With respect to defendant's concern that defending against two actions will be unduly cumbersome, that is a circumstance to be resolved by the trial court in the course of the litigation *(see, Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900).

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.