ALEC ROSENZWEIG et al., Respondents, v BORIS BLINSHTEYN, Appellant. (Action No. 1.)

SLUVA ORENS et al., Appellants, v ALEC ROSENZWEIG et al., Respondents. (Action No. 2.)

Second Department, August 21, 1989

## APPEARANCES OF COUNSEL

*Bauman, Greene & Kunkis, P. C. (Sandra K. Janin* of counsel), for appellants in action No. 2.

*Barbara A. Cheven (Thomas Torto* of counsel), for appellant in action No. 1.

*Licata & Brill (Deborah L. Kozupsky* of counsel), for respondents in action No. 2.

*David E. Worby (William E. Dumke* of counsel), for respondents in action No. 1. (No brief filed.)

## OPINION OF THE COURT

BROWN, J. P.

On this appeal we are asked to determine the extent to which a trial court in a negligence action arising out of an automobile accident may, in keeping with its statutory authority to regulate the conduct of the trial *(see,* CPLR 4011), and without compromising the right of the litigants to a fair trial, prevent a party's privately retained counsel from participating in the trial proceedings by directing that an attorney provided by that party's insurance company act as his sole spokesperson before the jury. For the reasons that follow, we conclude that, under the circumstances of this case, the trial court's ruling by which the attorney privately retained by Boris Blinshteyn (the defendant in action No. 1 and one of the plaintiffs in action No. 2), his wife Asya Blinshteyn, and his mother-in-law Sluva Orens (the remaining plaintiffs in action No. 2), was effectively precluded from representing her clients before the jury, deprived those individuals of their right to a fair trial.

On the morning of July 22, 1984, an automobile owned and operated by Boris Blinshteyn was hit in the rear on the Palisades Parkway, in Rockland County, by a vehicle owned

by Jennifer Rosenzweig* and operated by her husband, Alec Rosenzweig. The Rosenzweigs subsequently commenced a negligence action (action No. 1) against Boris Blinshteyn, in which Alec Rosenzweig sought to recover damages for personal injuries and Jennifer Rosenzweig sought to recover derivatively. Sometime thereafter, a separate negligence action (action No. 2) was brought by Blinshteyn and his wife and mother-in-law, who had been passengers in his vehicle, against the Rosenzweigs. Ultimately, the actions were tried together.

Prior to the commencement of the trial, and throughout jury selection, the Rosenzweigs were represented as plaintiffs in action No. 1 by retained counsel and as defendants in action No. 2 by an attorney provided by their insurance company. Similarly, as a defendant Blinshteyn was represented by an attorney provided by his insurance company and counsel retained by Blinshteyn, his wife and his mother-in-law appeared on their behalf as plaintiffs. However, prior to the delivery of opening statements, the court announced that since the case involved a "driver-against-driver" situation, "there will only be permitted two attorneys who will participate in any way in the liability portion of the trial". The court then directed the parties to choose whether they wanted their retained counsel or the attorney assigned by their insurance company to act as their representatives during trial. After a rather heated discussion between the attorney retained by the Blinshteyns and Sluva Orens, and the attorney provided by Boris Blinshteyn's insurance company, during the course of which retained counsel pointed out that if the attorney provided by Blinshteyn's insurance company was chosen to represent the Blinshteyns, Sluva Orens, to whom that attorney had no relationship, would be without representation, the court determined that both the Rosenzweigs and the Blinshteyns would be represented by the attorneys provided by their respective insurance companies. The jury was then apprised of the court's decision. Although the privately retained attorneys were present throughout the trial, and were allowed to involve themselves in the discussion of certain legal issues and in the charge conference, they were not permitted to otherwise participate in the proceedings or address the jury.

At the conclusion of the liability phase of the bifurcated

---

* Although the complaint indicates that the car in question was owned by both Jennifer and Phyllis Rosenzweig, in fact Jennifer and Phyllis Rosenzweig are one in the same.

trial, the jury answered the first interrogatory submitted to it, that is, whether Rosenzweig was negligent and, if so, whether his negligence was a proximate cause of the accident, in the negative. The second interrogatory submitted, i.e., whether Blinshteyn was negligent and, if so, whether his negligence was a proximate cause of the accident, was answered in the affirmative. Thereafter, a judgment was entered in favor of Alec Rosenzweig and against Boris Blinshteyn in the principal sum of $35,000. The Blinshteyns and Sluva Orens now appeal from that judgment, *inter alia,* on the ground that the court's ruling with respect to attorney representation denied them their right to be represented by counsel of their own choosing and, as a result, their right to a fair trial. Under the circumstances of this case, we agree that the trial court's determination was erroneous and that, accordingly, the judgment appealed from must be reversed and a new trial granted.

CPLR 4011 gives the trial court the authority to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum". Thus, under the appropriate circumstances, the trial court may refuse to permit an attorney retained by an excess coverage insurance carrier to cross-examine a particular witness or to sum up *(see, Martin v Marshall,* 25 AD2d 594), it may appoint a committee of counsel to prepare pleadings and actually try a case involving numerous defendants *(see, Levy v Authenticolor, Inc.,* 61 AD2d 951), it may, upon motion, direct the plaintiff in a contract action to appoint a single attorney of record *(see, Polytemp, Inc. v Sell,* 59 AD2d 938), and it may even prohibit the attorney for an insurance carrier from making opening and closing statements *(see, Tomassi v Town of Union,* 58 AD2d 670). However, while the court's power in this regard is, necessarily, broad, it clearly is not without limitation *(see, Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900, *modfg* 78 AD2d 668 *for the reasons stated by Justice Leon D. Lazer in his partial dissent at the App Div; Lyman v Fidelity & Cas. Co.,* 65 App Div 27). Counterbalancing the court's authority under CPLR 4011 is a party's general right to be represented by an attorney of his or her own choosing *(see, Greene v Greene,* 47 NY2d 447, 453). While this right is similarly not absolute, given its fundamental basis in our law, any restrictions imposed thereon must be carefully scrutinized *(see, Matter of Abrams [Anonymous],* 62 NY2d 183, 196).

In this case, the trial court's decision requiring Blinshteyn

and the passengers in his vehicle to be represented at trial solely by an attorney retained by Blinshteyn's insurance carrier constituted an improvident exercise of the discretion bestowed upon it under CPLR 4011. Our review of the record reveals that the strategy of the attorney provided by Blinshteyn's carrier was to avoid the payment of any money damages by the carrier, regardless of the consequences to Blinshteyn and his passengers, his ostensible clients. In fact, the attorney provided by the carrier attempted to persuade the jury that this was an unavoidable accident, a finding which would, of course, have obviated the payment of any money by the carrier, but would have destroyed the case of Blinshteyn and his passengers. This course of conduct was in derogation of the attorney's obligation to the Blinshteyns and Orens as plaintiffs whose objective was to establish either that Rosenzweig was solely negligent, or that both drivers were at fault. In the latter event, Blinshteyn and his passengers would still recover, albeit in a reduced amount *(see, Jericho Water Dist. v Zara & Sons Contr. Co.,* 116 AD2d 622; *see also, Chemprene, Inc. v X-Tyal Intl. Corp.,* 55 NY2d 900, *supra; Byers v Estate of Tudge,* 117 AD2d 912). Indeed, given the circumstances surrounding the accident, the most successful strategy for Blinshteyn may have been to concede that he was partially at fault for stopping his vehicle on a parkway, while arguing that Rosenzweig was also at fault, to a greater percentage, for hitting him in the rear while he was stopped. As previously noted, this is a strategy that Blinshteyn's insurer would not, and did not, adopt, apparently so that the carrier would avoid the payment of any money damages.

As a reading of the trial transcript makes clear, the interests of the Blinshteyns and Orens as plaintiffs went virtually unrepresented. Although this may have been due, in part, to the apparent animosity between the attorney representing Blinshteyn's insurer and privately retained counsel, this is another factor that the trial court should have taken into account when making its ruling. An example of the prejudice caused by the court's ruling may be found in its determination, correct as it may have been, that the Rosenzweigs were entitled to a missing witness charge with respect to Sluva Orens, who was a passenger in Boris Blinshteyn's vehicle and who was not called to testify at trial. It was the position of the counsel retained by the Blinshteyns and Orens that had she been permitted to participate in the questioning of the witnesses, she would have been able to elicit an explanation for

Orens' nonappearance, or that if the insurance company attorney was properly representing the Blinshteyns' and Orens' interests as plaintiffs, he would have attempted to secure Orens' presence.

One of the most significant indications of the prejudice caused by the trial court's ruling is found in the summation given on behalf of the Blinshteyns and Orens by the attorney provided by Blinshteyn's insurance company who, it will be recalled, was ostensibly representing the Blinshteyns and Orens as plaintiffs as well as Boris Blinshteyn as defendant. During the course of the summation, counsel indicated that he would be satisfied with a determination that the collision was an "unavoidable accident", that is, "the responsibility of no one". While this clearly could properly be the position taken by Boris Blinshteyn as defendant, it is equally clear that such a finding would result in a defeat for the Blinshteyns as plaintiffs and for Orens as well, notwithstanding her passenger status.

Even more disturbing is the fact that, as a consequence of the trial court's ruling, Orens, a plaintiff in action No. 2, went totally without representation. As counsel assigned by Blinshteyn's insurance company stated, both to the court and to the jury, he did not represent Orens. Thus, on this basis alone, reversal is warranted (see, Lyman v Fidelity & Cas. Co., 65 App Div 27, supra).

There are many cases in which the trial court, after carefully weighing and balancing all the factors involved, may properly divide the trial assignment between retained counsel and the attorney provided by the insurance company (see, e.g., Kallivokas v Athanasatos, — AD2d — [1st Dept, June 22, 1989]). In such cases, however, the trial court should be assured that the strategy pursued by joint counsel will afford fair representation to each party in whatever capacity. Under the circumstances present at bar, however, we conclude that the court's virtual exclusion of the attorney retained by the Blinshteyns and Orens from participation in the trial constituted an improvident exercise of its discretion, and served to deprive those parties of a fair trial.

We have considered the Blinshteyns' contentions with respect to the admissibility of Rosenzweig's hospital records and the legal sufficiency of the evidence of serious injury and find them to be without merit (see, CPLR 4518 [c]; Insurance Law

§ 5102 [d]). In light of the foregoing, however, we need not reach the remaining issues.

Accordingly, the judgment is reversed.

LAWRENCE, EIBER and SULLIVAN, JJ., concur.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.