OPINION OF THE COURT
Robert H. Straus, J.
In each of the above dockets, the defendant is charged with violating section 19-105 of the Administrative Code of the City of New York. It is alleged that on various dates and at various work sites the defendant failed to post suitable notices regarding unsafe conditions created by the excavation of roadways and/or sidewalk cuts. The defendant has moved to dismiss these actions pursuant to CPL 170.30 (1) (f) on the ground that section 19-105 is unconstitutionally vague.
*548 Administrative Code § 19-105 reads as follows: "Unsafe Conditions; notice. Whenever any person shall have authority, under any contract with the city or any officer thereof, or under any permit, to remove the pavement from or to excavate, occupy or use any part of a public street, so as to obstruct travel therein, he or she shall erect suitable notices of the obstructions in conspicuous positions, at all points of intersections of such street with the crossstreets nearest to the obstructions. Such notices shall be in the form prescribed by the department.”
The defendant concedes that no notices were posted at the locations where the alleged violations of section 19-105 occurred but argues that because the Department of Transportation never prescribed the form of the notice required to be posted pursuant to section 19-105 it was under no legal obligation to post any notices.
The defendant initially moved for dismissal of these dockets in the interest of justice based upon the failure of the Department of Transportation to prescribe the required form. In response to the defendant’s original motion, Corporation Counsel essentially acknowledged that the Department of Transportation had not prescribed the form. However, relying on Schulman v Consolidated Edison Co. (85 AD2d 186 [1st Dept 1982]), the Corporation Counsel asserted that defendant’s obligation to erect suitable notices (and incur criminal liability for failure to do so) was not contingent upon the Department of Transportation’s promulgation of such a form.
The court, believing that the defendant’s motion had raised a significant constitutional issue, requested the parties to submit legal memoranda on the issue of whether, in the absence of a prescribed form by the Department of Transportation, Administrative Code § 19-105 was void for vagueness.
In their brief the defendant argues that section 19-105 must be declared void for vagueness on two grounds: (1) the failure of the Department of Transportation to promulgate the form of the required notice, and (2) the lack of a definition in the statute for the terms "obstruction” and "[u]nsafe condition”.
In response to the court’s request, the Corporation Counsel for the first time asserted that the Department of Transportation had prescribed a form for the notices required under section 19-105 and that such was contained in section 2.0.17 of the New York City Department of Transportation Highway Regulations. In the alternative, again citing Schulman v *549 Consolidated Edison Co. (supra), the Corporation Counsel argues that even in the absence of a prescribed form, Administrative Code § 19-105 is not void for vagueness.
At the outset, the court notes that Corporation Counsel’s reliance on Schulman v Consolidated Edison Co. (supra) is misplaced. In Schulman, the court held that Administrative Code former § 692-5.0 (§ 19-105 in the revised Administrative Code) imposed a duty on Con Edison to post suitable notices regardless of a lack of a prescribed form and upheld the trial court’s instruction to the jury that it could consider Con Edison’s failure to post such a notice at an excavation site on the issue of negligence. The Schulman court, however, considered the application and effect of former section 692-5.0 in a civil liability context rather than in the context of a criminal action where a different set of interests are at stake. Surely, even without a statute requiring a particular form of notice of an unsafe condition at a work site, a reasonable notice warning the public of such a danger would be required to avoid civil liability for an accident that may occur at such a location. This court does not find the reasoning of Schulman to be necessarily controlling in a case where the issue is whether a defendant may incur criminal liability for failure to post notices if and where a statutorily required form of such notice has never been prescribed. That difficult issue, however, need not be reached by this court in the instant matter, for the Department of Transportation has, in fact, prescribed the form for the required notices in section 2.0.17 of the New York City Department of Transportation Highway Regulations.
Section 2.0.17 reads as follows:
"a. Every street opening, material pile or obstruction to the public on a sidewalk or roadway, shall be protected by barricades with red flags or signs placed at suitable intervals of not more than twenty (20) feet during twilight hours and during the night there shall be provided at such point where a sign or flag is required, a red lantern or red light which shall be kept burning from sundown to sunrise. Section 692-6.0 and Section 693a-2.0 A.C.
"b. Barricades, lights and warning signals shall be constructed and displayed in accordance with the ’Manual of Uniform Traffic Control Devices for Streets and Highways’.”
The Manual on Uniform Traffic Control Devices for Streets and Highways is a 1978 publication of the United States *550 Department of Transportation Federal Highways Administration. The manual sets forth the various types of warning and regulatory signs required for public roadways including size, shape and color of signs, proper techniques for erection of signs and proper placement of signs. Sections 6B-12 and 6B-13 of the manual prescribe the function, design and application and maintenance sites on public roadways and reads as follows:
"6B-12 Function
"Warning signs for construction and maintenance projects are used to notify drivers of specific hazards which may be encountered, when those operations are underway. Within the construction zone there may be a variety of temporary roadway facilities. Pavement width may be reduced. Open excavations may be present in or near the roadway, or travel across an unpaved section may be required. Drivers should be properly alerted to possible dangers ahead in sufficient time to adjust their speed for the hazard.
"6B-13 Design and Application
"Warning signs for construction and maintenance shall be diamond shaped (square with one diagonal vertical), having a black symbol or message on an orange background except as provided for herein.
"Construction. or maintenance operations on freeway or expressway facilities, may also require large movable warning signs. Mounting considerations for some of these signs may justify a change from the standard diamond shape to a rectangular shape, but such variances should have prior approval of the appropriate highway authority.
"The square Advisory Speed plate (sec. 6B-34) shall have a black message and border, and shall have an orange background when used in conjunction with an orange background sign and shall have a yellow background when used with a yellow background sign. It shall have a minimum 24 X 24 inches size when used with a 36 X 36 inches sign or larger.
"Detailed specifications are given only for signs prescribed for construction and maintenance work and for some of the standard signs that are commonly required for these work areas.
"On secondary roads or city streets where speeds are low, the use of plates 6 inches smaller on a side than the standard size, but not less than 24 inches, may be used for warning signs having short word messages or clear symbols.
*551 "Where distances are to be shown on warning signs as part of the legend, a separate panel with the distance shown thereon may be erected immediately below the sign on the same support.
"Where any part of the roadway is obstructed or closed, construction approach warning signs are required to alert traffic well in advance of these obstructions or restrictions to normal traffic flow (sec. 6B-14). These signs may be used singly or in combination. Because of their importance, these signs have a standard size of 48 inches by 48 inches and shall be the standard diamond shape for warning signs, except as provided for above.
"Where speeds and volumes are relatively low, a minimum size of 36 inches by 36 inches may be used for Construction Approach Warning Signs, provided that a minimum letter size of 5 inches can be accommodated on this size with the appropriate legend.” (Manual on Uniform Traffic Control Devices for Streets and Highways, at 6B-17 — 6B-18).
Section 2.0.17 of the New York City Department of Transportation Highway Regulations and the Manual on Uniform Traffic Control Devices for Streets and Highways provide the defendant and other members of the public with notice of the type and form of signs that must be posted when excavation work is done. Section 6B-13 of the manual is specific in its description of the size, shape and color of signs which should be posted on various types of roadways when unsafe conditions exist. The court, therefore, finds that the Department of Transportation has met its obligation to prescribe the form for notices required to be posted pursuant to Administrative Code § 19-105.
The court also rejects the defendant’s argument that section 19-105 is void for vagueness because the terms "[u]nsafe condition” and "obstruction” contained in the statute are not defined in title 19 of the Administrative Code.
In People v Cruz (48 NY2d 419 [1979]), the Court of Appeals held that Vehicle and Traffic Law § 1192 (1) and (3) were not void for vagueness despite the fact that the terms "intoxicated” and "impaired” were not defined in the statute. The court in Cruz (at 428) explained its reasoning as follows: "A statute which employs terms having an accepted meaning Tong recognized in law and life’ cannot be said to be so vague and indefinite as to afford the defendant insufficient notice of what is prohibited or inadequate guidelines for adjudication *552 * * * even though there may be 'an element of degree in the definition as to which estimates might differ’ * * *. And words and phrases used in a statute should be given their ordinary meaning when, as here, the Legislature has given no indication that a different meaning was intended * * *. This is particularly apt when it is claimed that the statute might otherwise lack sufficiently definite standards or guidelines to satisfy the requirements of due process.”
The court finds the terms "[u]nsafe condition” and "obstruction” like the terms "intoxicated” and "impaired” have an accepted meaning long recognized in law and life so as to afford the defendant sufficient notice as to what is required under the statute.
Administrative Code § 19-105 is not unconstitutionally vague. The defendant’s motion to dismiss is accordingly denied.