■ LEONARD TEMPESTA et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, Defendant and Third-Party Plaintiff-Appellant. CONFORT & COMPANY, Third-Party Defendant-Respondent. [626 NYS2d 209] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated August 4, 1993, as granted the branch of third-party defendant's motion for summary judgment dismissing the third-party complaint and denied its cross motion to amend the third-party complaint to assert a cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this action the plaintiff was injured when he fell from a ladder while working for the third-party defendant Confort & Company (hereinafter Confort) at premises owned by the defendant third-party plaintiff New York City Industrial Development Agency (hereinafter the Agency) but possessed and operated by Confort. The plaintiff sued the Agency alleging a breach of the Labor Law. In turn the Agency commenced a third-party action against Confort for common-law contribution and/or indemnification.

Confort had obtained general liability insurance from Aetna Insurance Company (hereinafter Aetna) naming both itself and the Agency as insureds. Confort also obtained workers' compensation insurance for itself from Fireman's Fund Insurance Company. Confort moved for summary judgment to dismiss the third-party complaint arguing that its procurement of insurance which named the Agency as an additional insured waived any rights the Agency would have otherwise

had to common-law contribution or indemnification up to the limit of the policy. The Agency cross-moved to amend its pleading to assert a cause of action for contractual indemnification. The Supreme Court granted the branch of Confort's motion which was for summary judgment dismissing the third-party complaint and denied the Agency's cross motion to amend the third-party complaint. We affirm.

Contrary to the Agency's contention, the Aetna policy does provide coverage to Confort for the indemnification liability which Confort assumed under the lease, regardless of whether such liability arose from an employee related injury. In other words, the Aetna policy is applicable to the plaintiff's loss herein. Thus the Agency's claim for indemnification is in actuality a claim by Aetna against its own insured and "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 468; *see also, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281). Miller, J. P., Thompson, Santucci and Joy, JJ., concur.