■ BELLA LEVINSON et al., Plaintiffs, v 595 SOUTH BROADWAY CORP., Defendant and Third-Party Plaintiff-Appellant. NEWMARK & LEWIS, Third-Party Defendant-Respondent. [628 NYS2d 365] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), dated November 16, 1993, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

When the plaintiff brought this action against her employer's landlord after she was injured in a "slip and fall" on her employer's premises, the landlord, an additional insured under the employer's general liability insurance policy, was provided a defense by the general liability carrier, The Home Indemnity Company. The terms of the employer's lease required it to provide such liability coverage and also to indemnify the landlord against third-party personal injury claims. The landlord commenced a third-party action against the employer.

Contrary to the landlord's contention, the policy does provide coverage for the indemnification liability assumed by the employer under the lease, which is an "insured contract" within the meaning of that term as defined by the policy. The policy specifically exempts liability assumed under such contracts from the general exclusion of coverage for injuries sustained by employees in the course of their employment. Accordingly, the Supreme Court properly concluded that the third-party action was in actuality a claim by the insurance carrier seeking subrogation against its own policyholder for a claim arising from the same risk for which the policyholder was covered (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465; Tempesta v City of New York, 214 AD2d 723). Mangano, P. J., Joy, Hart and Florio, JJ., concur.