■ CARLOS MORALES, Plaintiff, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. CAPAN CONTRACTING CORP., Third-Party Defendant-Respondent. [657 NYS2d 766] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated August 7, 1995, which, upon reargument, granted the third-party defendant's motion for partial summary judgment dismissing the third-party complaint to the extent that any verdict in favor of the plaintiff does not exceed $8,000,000.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he was run over by a "pay loader" while working for the third-party defendant Capan Contracting Corp. (hereinafter Capan) at premises owned by

the defendant third-party plaintiff the City of New York (hereinafter the City). The plaintiff sued the City alleging damages of $14,000,000. Thereafter, the City commenced a third-party action against Capan for contribution and/or indemnification.

Capan obtained an "owners and contractors protective liability" insurance policy from Nationwide Mutual Insurance Company (hereinafter Nationwide), naming only the City as insured, which provided coverage for bodily injury in the amount of $1,000,000 per occurrence. In addition, Capan procured general liability insurance from Nationwide naming both itself and the City as insureds, which provided coverage for bodily injury of $2,000,000 per occurrence. Further, Capan purchased an excess liability insurance policy from Nationwide providing coverage of $5,000,000 per occurrence.

The general liability policy provides coverage for the indemnification liability assumed by Capan under its contract with the City, which is an "insured contract" within the meaning of that term as defined by the general liability policy. The policy specifically exempts liability assumed under such contracts from the general exclusion of coverage for injuries sustained by employees in the course of their employment. Capan is also provided coverage under the excess liability policy as that policy provides that the general exclusion for employment related injures does not apply if liability is assumed under a "written contract". Accordingly, the Supreme Court properly concluded that the City's claim for indemnification is in actuality a claim by Nationwide against its own insured and thus is barred under the antisubrogation rule to the extent that any verdict in favor of the plaintiff does not exceed the limits of the insurance coverage Capan procured from Nationwide, i.e., $8,000,000 (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465; Levinson v 595 S. Broadway Corp., 216 AD2d 367; Tempesta v City of New York, 214 AD2d 723).

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third-parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; Morales v Gross, 230 AD2d 7).

We have examined the City's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.