■ THOMAS THOMPSON, JR., et al., Respondents, v NEXT GEN-ERATION CORP., Defendant and Third-Party Plaintiff-Respondent, and NEW LIFE TABERNACLE UNITED PENTECOSTAL CHURCH, INC., Defendant and Third-Party Plaintiff-Appellant. A.D.L. CONTRACTING OF NEW YORK CITY, Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [659 NYS2d 994] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff New Life Tabernacle United Pentecostal Church, Inc., and the third-party defendant, A.D.L. Contracting of New York City, separately appeal from an order of the Supreme Court, Kings County (Garry, J.), dated January 16, 1996, which granted the plaintiffs' motion for partial summary judgment on the issue of liability, and (2) the New Life Tabernacle United Pentecostal Church, Inc., appeals from an order of the same court dated May 20, 1996, which denied its motion, in effect, for reargument of the plaintiff's motion for partial summary judgment, or, in the alternative, for summary judgment on its cross claim against Next Generation Corp. and on its third-party claim against A.D.L. Contracting of New York City, and A.D.L. Contracting of New York City separately appeals from so much of the order dated May 20, 1996, as denied that branch of the motion of New Life Tabernacle United Pentecostal Church, Inc., which was, in effect, for reargument of the plaintiffs' motion for partial summary judgment.

Ordered that so much of the separate appeals of New Life Tabernacle United Pentecostal Church, Inc., and A.D.L. Contracting of New York City, from the order dated May 20, 1996, as denied the motion of the former which was, in effect, for reargument, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the May 20, 1996, order is affirmed insofar as reviewed; and it is further,

Ordered that the order dated January 16, 1996, is affirmed; and it is further,

Ordered that the plaintiffs-respondents are awarded one bill of costs payable by the third-party plaintiff-appellant and the third-party defendant-appellant appearing separately and filing separate briefs.

On June 4, 1992, the injured plaintiff, while employed by the third-party defendant A.D.L. Contracting of New York City (hereinafter ADL), fell while descending a ladder which had been placed on uneven concrete by employees of the defendant Next Generation Corp. (hereinafter Next Generation). The accident occurred during the renovation of premises owned by

the defendant New Life Tabernacle United Pentecostal Church, Inc. (hereinafter New Life).

On September 5, 1995, the plaintiffs made a motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) as against Next Generation and New Life. Although neither defendant submitted written opposition, their attorneys participated in oral argument. Following oral argument, the plaintiffs' motion was granted. On appeal, New Life and ADL contend that the court improperly granted the plaintiffs' motion because issues of fact exist as to whether the injured plaintiff fell off a ladder or off the roof. However, even assuming that the injured plaintiff fell off the roof, there is no evidence that any safety devices were provided for his protection, and, therefore, the plaintiffs would still be entitled to partial summary judgment on the issue of liability (see, Grant v Gutchess Timberlands, 214 AD2d 909; McLean v Vahue & Son Bldrs., 210 AD2d 999; Gandley v Prestige Roofing & Siding Co., 148 AD2d 666).

That branch of New Life's motion which was for summary judgment on the issue of liability on its cross claim and on its third-party claim was properly denied in light of the existence of material issues of fact concerning New Life's active participation in the project (see, e.g., Stern v Lehr Constr. Corp., 200 AD2d 389; cf., Dawson v Pavarini Constr. Co., 228 AD2d 466).

The Supreme Court correctly concluded that the branch of New Life's motion which was denominated as a motion for renewal and reargument was essentially a motion to reargue, since it was not based upon new facts unavailable at the time of the original motion (see, Matter of Rebell v Trask, 220 AD2d 594, 599; Carson v New York City Tr. Auth., 237 AD2d 242; Marine Midland Bank v Freedom Rd. Realty Assocs., 203 AD2d 538, 539). Accordingly, since no appeal lies from an order denying reargument, the appeals from so much of the order dated May 20, 1996, as denied New Life's motion to reargue must be dismissed. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.