■ RONALD J. STEIN et al., Respondents, v YONKERS CONTRACTING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Third-Party Defendant-Respondent. (Action No. 1.) RONALD J. STEIN et al., Respondents, v YONKERS CONTRACTING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Third-Party Defendant-Respondent. (Action No. 2.) [664 NYS2d 328] —In two actions to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff Yonkers Contracting, Inc., appeals (a), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated February 26, 1997, in Action No. 1 (Queens County Index No. 15918/93), as denied that branch of its motion which was for summary judgment in its favor on the third-party complaint and granted those branches of the cross motion of the third-party defendant Rice Mohawk U.S. Construction Co., Ltd., which were for summary judgment dismissing the causes of action asserted in the third-party complaint seeking to recover on theories of common-law and contractual indemnity and contribution, and (b), by permission, from so much of an order of the same court (Berke, J.), dated May 29, 1997, in Action No. 2 (Queens County Index No. 19316/93), as, *sua sponte,* precluded its counsel, Brody and Fabriani, from participating in the trial, and (2) the defendant New York City Department of Transportation in Actions Nos. 1 and 2, separately appeals from the same orders.

Ordered that the appeals taken by the New York City Department of Transportation are dismissed, without costs or disbursements, as withdrawn pursuant to a letter dated September 29, 1997; and it is further,

Ordered that on the appeal of the defendant third-party plaintiff Yonkers Contracting, Inc., the order dated February 26, 1997, in Action No. 1, is modified, on the law, by deleting

therefrom the provision granting those branches of the cross motion which were for summary judgment dismissing those causes of action asserted in the third-party complaint seeking recovery on theories of common-law and contractual indemnification and contribution, and substituting a provision therefor granting those branches of the cross motion to the extent of awarding partial summary judgment dismissing those causes of action only to the degree of payments actually made by Admiral Insurance Co. on behalf of Yonkers Contracting, Inc., up to the policy limits, and denying those branches of the cross motion in all other respects; as so modified, the order is affirmed insofar as appealed from by the defendant third-party plaintiff Yonkers Contracting, Inc., without costs or disbursements; and it is further,

Ordered that on the appeal of the defendant third-party plaintiff Yonkers Contracting, Inc., the order dated May 29, 1997, in Action No. 2, is reversed, on the law, without costs or disbursements.

Yonkers Contracting, Inc. (hereinafter Yonkers), entered into a contract with Rice Mohawk U.S. Construction Co., Ltd. (hereinafter Rice Mohawk), by which the latter would perform iron work for Yonkers. Pursuant to the contract, Rice Mohawk obtained a general liability policy from Admiral Insurance Co. (hereinafter Admiral) naming Yonkers as an additional insured. On February 17, 1993, and again on August 12, 1993, the plaintiff Ronald Stein, an employee of Rice Mohawk, was injured while working and subsequently commenced these negligence actions. Yonkers, *inter alia*, commenced third-party actions against Rice Mohawk for contribution and/or indemnification, and moved for summary judgment on the cause of action in the third-party complaint in Action No. 1 for contractual indemnification. Rice Mohawk cross-moved to dismiss the third-party complaint, and the Supreme Court granted the cross motion and dismissed the third-party complaint in Action No. 1 as violative of the antisubrogation rule.

The Supreme Court properly concluded that the claim of Yonkers for common-law indemnification and/or contribution is in actuality a claim by Admiral against its own insured and thus may be barred by the application of the antisubrogation rule (*see, North Star Reins. Corp v Continental Ins. Co.,* 82 NY2d 281; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Levinson v 595 S. Broadway Corp.,* 216 AD2d 367). To vindicate the antisubrogation rule and still preserve the right of Yonkers to recover losses for which it was not actually compensated by its insurance carrier, Admiral, the Supreme

Court should have provided that the common-law indemnification and contribution claims against Rice Mohawk would be dismissed *pro tanto* to the extent of payments actually made by Admiral to Yonkers (*see, Small v Yonkers Contr.*, 242 AD2d 378). The order dated February 26, 1997, has been modified accordingly.

There are questions of fact as to the extent to which Yonkers exercised direction and control over the work so as to preclude the granting of its motion for summary judgment on the contractual indemnification cause of action. Even where a contractual agreement provides for indemnification of a general contractor by a subcontractor, such a provision will not be enforced so as to indemnify a party for its own negligence (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172; *Thompson v Next Generation Corp.,* 240 AD2d 653; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466).

Although not raised as an issue on appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third-parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (*see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7).

Finally, the Supreme Court in Action No. 2 erred in precluding counsel for Yonkers from participating in the trial (*see, Rosenzweig v Blinshteyn,* 149 AD2d 280). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.