■ RODRIGO CHACON, Plaintiff, v CALIMIA CONSTRUCTION COMPANY, Defendant and Third-Party Defendant-Appellant-Respondent, and BRUNO FRUSTACI CONTRACTING, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant, et al., Defendants. NEYS ESCOBAR, Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendants. [760 NYS2d 656] —In an action to recover damages for personal injuries, Calimia Construction Company and Neys Escobar appeal from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated May 15, 2002, as only conditionally granted that branch of their motion which was to dismiss the third-party complaint insofar as asserted against them based upon noncompliance with disclosure orders, and denied that branch of their motion which was for summary judgment dismissing the contractual indemnification claim in the third-party complaint insofar as asserted against them, and Bruno Frustaci Contracting, Inc., cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to Bruno Frustaci Contracting, Inc.

The Supreme Court correctly denied that branch of the motion of the subcontractor, Calimia Construction Company, and its owner, Neys Escobar (hereinafter collectively Calimia), which was for summary judgment dismissing the contractual indemnification claim of the general contractor, Bruno Frustaci Contracting, Inc. (hereinafter Frustaci), insofar as asserted against them, since issues of fact exist as to the extent to which Frustaci exercised direction, control, and supervision over Calimia's workers (*see Kennelty v Darlind Constr.*, 260 AD2d 443, 446-447 [1999]; *Stein v Yonkers Contr.*, 244 AD2d 476, 478 [1997]). "Even where a contractual agreement provides for indemnification of a general contractor by a subcontractor, such a provision will not be enforced so as to indemnify a party for its own negligence" (*Stein v Yonkers Contr., supra* at 478).

Furthermore, the Supreme Court providently exercised its discretion in conditionally granting Calimia's motion to dismiss Frustaci's third-party complaint insofar as asserted against it unless Frustaci satisfied orders directing disclosure within the time accorded by the Supreme Court (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Associated Mut. Ins. Co. v Dyland Tavern*, 105 AD2d 892, 893 [1984]).

Calimia's remaining contentions are without merit. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.