■ SAFEGUARD INSURANCE COMPANY, Respondent, v. BEN ROSEN et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered November 12, 1971, granting summary judgment to plaintiff and directing an assessment and denying cross motion to amend defendants-appellants' answer, reversed, on the law, the motion for summary judgment denied and the cross motion granted. Appellants shall recover of respondent $50 costs and disbursements of this appeal. On the facts presented plaintiff's claim against the appealing defendants either as a subrogee or an assignee, is, at best, in serious doubt. It is clear that upon payment to its insured of the claim on the policy it could have asserted its rights to recoupment against the wrongdoers, the appellants here. Instead, it advisedly let its insured pursue the claim without asserting its rights until after the insured received payment following an extensive lawsuit. The payment which exceeded the amount paid on the policy was made as a result of a settlement actually advised but not participated in by plaintiff. There is no suggestion that the settlement was collusive or in any way designed to obstruct any claim put forward by plaintiff. No clear right to force the appellants to pay the damages twice is shown. The amendments sought merely sharpen the issues in this respect and cannot prejudice the course of the action. Concur — McGivern, J. P., Markewich, McNally and Steuer, JJ.; Kupferman, J., dissents in part in the following memorandum: It is clear that plaintiff-respondent insurance company is entitled as a subrogee or assignee to recoup the $40,000 paid to its assured, plus interest from May, 1964. Covering some eight years, the interest totals approximately one half of that principal. The assured has settled for approximately $68,000 without the consent of the plaintiff. Included in that settlement figure is $11,000 covering lost profits, which, it is conceded, was not in the coverage for the $40,000 insurance paid. Deducting this figure leaves approximately $57,000. Accordingly, there is still a deficiency for recoupment. Therefore, the plaintiff must proceed against the defendants-appellants if it is to be made whole. The defendants-appellants knew that the plaintiff had an interest in the litigation but did not obtain a release from the plaintiff. Any difference should be assessed against them. There is nothing to relitigate. (*Arrow Builders Supply Corp.* v. *Public Serv. Mut. Ins. Co.,* 39 A D 2d 672.) There has already been enough litigation in this matter. (See *Lawrence of London* v. *Count Romi,* 23 A D 2d 629, 30 A D 2d 518; *Safeguard Ins. Co.* v. *Rosen,* 34 A D 2d 530.)