■ Boguslaw Maksymowicz et al., Plaintiffs, v New York City Board of Education et al., Defendants and Third-Party Plaintiffs-Appellants. Admiral Abatement Corp. et al., Third-Party Defendants-Respondents. [647 NYS2d 780] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered August 17, 1995 in favor of third-party defendants dismissing the third-party complaint, and bringing up for review an order, same court and Justice, which, in an action by plaintiff employee against defendant owners of premises and a third-party action by defendant owners against third-party defendant employer, granted the employer's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

The owners' third-party complaint against the employer was dismissed as barred by the antisubrogation rule (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465), the owners being additional insureds on the policy of general liability insurance purchased by the employer pursuant to its obligation to indemnify the owners, under the asbestos removal contract it entered into with third-party defendant-respondent general contractor, against claims for injuries arising out of the work. The owners, or, more accurately, the insurer, who is the real party in interest (*McGurran v DiCanio Planned Dev. Corp.*, 216 AD2d 538 [2d Dept]), argue that the antisubrogation rule does not apply since the policy excludes coverage for work-related claims by an employee of the employer and that indemnity against the employer, therefore, is not being sought for the very risk for which the employer was covered under the policy,

but rather for a risk for which the employer was covered under another policy with another insurer, namely, its workers' compensation policy. We disagree. The ruling here contains an "insured contract" clause, under which the exclusion for employee injuries "does not apply to liability assumed by the insured [the employer] under an 'insured contract' ", defined as "[t]hat part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of 'bodily injury' or 'property damages' to a third person or organization, if the contract or agreement is made prior to the 'bodily injury' or 'property damage' ". Clearly, the asbestos removal contract is an "insured contract" included within the coverage of the policy, and the insurer, by bringing the third-party action, is attempting to avoid that coverage. It is equally clear that the policy at issue in *McGurran* (*supra*, at 539), which excluded not just work-related employee injuries but also " 'any obligation of the insured to indemnify another because of damages arising out of such injury' ", was to the exact opposite effect as the "insured contract" clause herein. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Kupferman, JJ.