■ CHARLES SMALL et al., Plaintiffs, v YONKERS CONTRACTING INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendants. RICE MOHAWK, U.S. CONSTRUCTION CO., LTD., Third-Party Defendant-Respondent. [662 NYS2d 67] —Motion by the defendant third-party plaintiff-appellant for reargument of an appeal from an order of the Supreme Court, Queens County, dated August 18, 1995, which was determined by decision and order of this Court dated June 2, 1997.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the unpublished decision and order of this Court dated June 2, 1997, is recalled and vacated, and the following is substituted therefor:

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Yonkers Contracting Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated August 18, 1995, as granted that branch of the cross motion of the third-party defendant Rice Mohawk, U.S. Construction Co., Ltd., which was to dismiss the third-party complaint to the extent that it sought common-law contribution and indemnification up to the limits of an insurance policy issued by Admiral Insurance Co. Justice Bracken has been substituted for the late Justice Hart (*see,* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by deleting the word "are" from the third line of the antepenultimate paragraph thereof and substituting therefor the word "is", and by adding thereto after the word "dismissed" the words "to the extent of payments actually made by Admiral on the latter's behalf"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Yonkers Contracting Inc. (hereinafter Yonkers), entered into a contract with Rice Mohawk, U.S. Construction Co., Ltd. (hereinafter Rice Mohawk), by which Rice Mohawk would perform iron work on behalf of Yonkers. Pursuant to their contract, Rice Mohawk obtained a general liability policy from Admiral Insurance Co. (hereinafter Admiral), naming Yonkers

as an additional insured. The plaintiff Charles Small, an employee of Rice Mohawk, was injured while working and, thereafter, commenced this negligence action. Yonkers then commenced a third-party action against Rice Mohawk seeking, *inter alia*, common-law indemnification. The plaintiffs then moved for summary judgment on the issue of liability. Yonkers cross-moved for summary judgment. Rice Mohawk cross-moved, *inter alia*, to dismiss Yonkers' third-party complaint. The Supreme Court partially granted Rice Mohawk's cross motion, dismissing Yonkers' cause of action for common-law indemnification and contribution up to the Admiral policy limits as violative of the antisubrogation rule.

Contrary to Yonkers' contention, the Admiral policy does provide coverage for the indemnification liability assumed by Rice Mohawk under their "incidental contract". The policy specifically exempts liability assumed under such a contract from the general exclusion of coverage for bodily injury of Rice Mohawk's employees suffered during the course of their employment. Accordingly, the cause of action for common-law indemnification and contribution was, in part, a cause of action by Admiral effectively seeking subrogation against its own policyholder, Rice Mohawk, for a claim arising out of a risk for which Rice Mohawk was insured. Such a cause of action is barred by the antisubrogation rule (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281; *Levinson v 595 S. Broadway Corp.*, 216 AD2d 367). We note, however, that an insurer, on paying a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss (*see, Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 582; *Federal Ins. Co. v Andersen & Co.*, 75 NY2d 366, 372; *Safeguard Ins. Co. v Rosen*, 39 AD2d 851, *affd* 31 NY2d 1054; 6A Appleman, Insurance Law & Practice § 4051, at 103; 16 Couch, Insurance § 61:4, at 77 [2d ed]). Thus, a right of subrogation arises only upon payment of a loss by the insurer. To vindicate the antisubrogation rule and still preserve the rights of Yonkers to recover losses for which it was not actually compensated by its insurer, Admiral, the Supreme Court should have provided that the common-law indemnification and contribution claims against Rice Mohawk would be dismissed *pro tanto* to the extent of payments actually made by Admiral to Yonkers. The order appealed from has been amended accordingly.

Furthermore, coverage under the Admiral insurance policy is not affected by the provisions of General Obligations Law § 5-322.1.

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (*see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7).

Yonkers' remaining contentions are without merit. Bracken, J. P., Thompson, Altman and Florio, JJ., concur.