[664 NYS2d 802]

GLORIA FIGUEROA et al., Plaintiffs, v NEW YORK CITY HOUSING AUTHORITY, Appellant, and MILLAR ELEVATOR INDUSTRIES, INC., Respondent.

First Department, December 11, 1997

## APPEARANCES OF COUNSEL

*Keith R. McHugh* of counsel, New York City *(Francine Scotto* and *Robert A. Fitch* on the brief; *Newman Fitch Lane Altheim Myers, P. C.,* attorneys), for appellant.

*Robert Laplaca* of counsel, New York City *(Lawrence A. Hoffman* on the brief; *Olshan Grundman Frome & Rosenzweig, L. L. P.,* attorneys), for respondent.

## OPINION OF THE COURT

SULLIVAN, J. P.

This is a wrongful death action by the administratrix of the estate of the decedent, who died as a result of injuries sustained in a fall down an elevator shaft in a building owned by the New York City Housing Authority. Millar Elevator Industries, Inc. maintained the elevators in the building pursuant to a contract with the Authority. Both are named as defendants in the action. The question on appeal is whether the Housing Authority is entitled to summary judgment on its cross claim against Millar for breach of the contractual provision requiring Millar to purchase an owner's liability policy on behalf of the Authority.

The contract provided, *inter alia,* that Millar "shall at all times be liable for, and indemnify and save harmless the Authority * * * against and from any and all claim or damage arising from, upon or by reason of the breach by the Contractor of any covenants herein contained" and required Millar to "provide Owner's Protective Liability Insurance [OCP] to protect the Authority against liability claims for bodily injury, including death * * * arising from the operations of the Contractor and his subcontractors for the limits of liability set forth in the preceding paragraph [not less than $500,000 per occurrence]." No such insurance was purchased by Millar.

The Authority cross-claimed against defendant Millar for judgment over, based on breach of contract as well as contractual and/or common-law indemnity, and thereafter moved for summary judgment against Millar based solely on the breach of the contractual provision to provide insurance coverage to

the Authority. The IAS Court granted the motion to the extent of holding that the Authority be indemnified for "all damages arising out of Millar's performance of work under the contract", notwithstanding that the Authority never sought relief under the indemnification clause, section 16 (c) of the contract. The Authority and Millar subsequently entered into a settlement with plaintiff before the "arising out of Millar's performance of work under the contract" prerequisite identified by the motion court could be judicially established. The court denied the motion as to the failure to provide liability insurance, concluding that there was a question of fact as to the type of coverage that Millar was contractually required to provide. On reargument, the court adhered to that determination. The Authority appeals. We reverse.

A contractor that breaches its agreement to procure insurance covering an owner is liable for damages resulting from the breach. (*Kinney v Lisk Co.*, 76 NY2d 215, 219.) The contract herein held Millar liable for, and required Millar to indemnify and save harmless the Authority from, all damage resulting from the breach of any of its covenants. Accordingly, the Authority is entitled to indemnification for Millar's breach of the contractual requirement to insure the Authority "against liability claims * * * arising from the operations of [Millar and its] subcontractors." In addition, the Authority is entitled to its defense costs, which should have been undertaken by the insurer. (*See, supra; see also, Roblee v Corning Community Coll.*, 134 AD2d 803, 805, *lv denied* 72 NY2d 803.)

Millar's reliance on the scope of coverage afforded by a "standard OCP" policy to escape liability is misplaced. Millar argues, noting that a standard OCP policy includes a provision that excludes coverage for completed operations, that the Authority cannot prove as a matter of law either that such provision would not be included in the type of insurance Millar agreed to provide or that the exclusion is inapplicable to this case. There is, however, no policy to define the terms of coverage. The parties' rights and obligations are defined by the contract, in which Millar agreed not to provide "standard OCP coverage", but rather to "provide Owner's Protective Liability Insurance to protect the Authority against liability claims for bodily injury, including death, and property damage arising from the operations of the Contractor and his subcontractors". In the absence of a policy, Millar cannot assert that an exclusion would, with respect to decedent's death, have excepted coverage that the "arising from" standard set forth in the contract is clearly broad enough to comprehend.

Similarly, Millar argues that an OCP policy does not, by definition, provide coverage for an owner's own negligence. There is, however, no language in the contract excluding liability coverage for the Authority's acts of negligence; nor is there anything to suggest that the "arising from" standard does not encompass active negligence on the part of the owner. In any event, as the Court of Appeals noted in *North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281, 292): "[T]he parties must have anticipated that the OCP would cover the owner's own negligence because full protection against vicarious liability for the contractor's negligence could have been achieved simply by requiring adequate coverage for the contractor."

We are informed that, pursuant to the settlement of the underlying action, each defendant has agreed to contribute 50%, subject to the subsequent resolution of the cross claim for failure to provide insurance. While the issue of whether liability would arise "from the operations of [Millar]" will never be judicially determined, Millar does not dispute that the accident arose out of its operations.

Accordingly, the order of the Supreme Court, Bronx County (Stanley Green, J.), entered December 2, 1996, which, upon reargument, adhered to its previous determination denying the motion by defendant New York City Housing Authority for partial summary judgment against Millar based on breach of contract, should be reversed to the extent appealed from, on the law, without costs or disbursements, and the motion of defendant New York City Housing Authority for partial summary judgment against defendant Millar Elevator Industries, Inc. on its cross claim for breach of contract granted. Appeal from order, same court and Justice, entered on or about June 13, 1996, should be dismissed, without costs, as superseded by the appeal from the subsequent order.

MILONAS, TOM, MAZZARELLI and ANDRIAS, JJ., concur.

Order, Supreme Court, Bronx County, entered December 2, 1996, reversed to the extent appealed from, on the law, without costs or disbursements, and the motion of defendant New York City Housing Authority for partial summary judgment against defendant Millar Elevator Industries, Inc. on its cross claim for breach of contract granted. Appeal from order, same court and Justice, entered on or about June 13, 1996, dismissed, without costs, as superseded by the appeal from the subsequent order.