■ JOSEPH W. GREFER, Plaintiff, v PAUL ANDERSON, Individually and Doing Business as CROSSROADS COMMONS, Defendant and Third-Party Plaintiff-Appellant. ADVANCED MEDICAL PRODUCTS, INC., Third-Party Defendant-Respondent. [672 NYS2d 184] —Order unanimously affirmed without costs. Memorandum: Plaintiff, an employee of third-party defendant, Advanced Medical Products, Inc. (AMP), commenced this action against defendant, Paul Anderson, individually and doing business as Crossroads Commons (Anderson), to recover damages for personal injuries he sustained when he slipped and fell on a ramp on premises owned by Anderson and leased to AMP. Although Anderson was obligated by the lease to "procure, provide and maintain insurance for the mutual benefit of the Lessor and Lessee against claims for bodily injury * * * under a policy of general public liability insurance", he failed to do so.

Anderson commenced a third-party action against AMP for common-law and contractual indemnification. AMP subsequently moved for summary judgment dismissing the third-party complaint on the ground that it was barred by the anti-subrogation rule. Anderson cross-moved for, *inter alia*, an order permitting him to amend the third-party complaint to delete the contractual indemnification cause of action. Anderson conceded that he breached the lease agreement because he did not purchase the required insurance but asserted that, even if the insurance had been purchased, it would have excluded coverage for a work-related personal injury claim by an employee of AMP.

Supreme Court granted AMP's motion for summary judgment and denied Anderson's cross motion. On appeal, Anderson contends only that the court erred in granting AMP's motion. We affirm. Because Anderson breached the lease provision by

failing to procure liability insurance covering AMP, he is liable for the resulting damages (*see, Kinney v Lisk Co.,* 76 NY2d 215, 219; *Spencer v B.A. Painting Co., B & F Abramowitz,* 224 AD2d 307). We reject Anderson's contention that, even if the required insurance had been purchased, it would have excluded coverage for plaintiff's claim. If we assume, arguendo, that the policy that should have covered AMP would have been the same as the standard policy covering Anderson, we would conclude that it would have provided coverage under an "insured contract" without reference to whether the injured person was an employee of the lessee. Under the policy, the lease would be an "insured contract" (*Maksymowicz v New York City Bd. of Educ.,* 232 AD2d 223, 224). Alternatively, if we assume, arguendo, that the provisions of a policy that was never issued cannot be known, we would conclude that Anderson cannot assert that coverage for plaintiff's injury would have been excluded in light of the coverage required under the lease (*see, Figueroa v New York City Hous. Auth.,* 236 AD2d 154). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.