■ Robert Pierce, Respondent, v City of New York, Defendant, and Yonkers Contracting Co., Inc., Defendant and Third-Party Plaintiff-Appellant. Rice-Mohawk U.S. Construction Co., Ltd., Third-Party Defendant-Respondent. (And Other Titles.) [677 NYS2d 173] —Motion by the third-party defendant-respondent on appeals from (1) an order and judgment (one paper) of the Supreme Court, Queens County, dated March 13, 1996, (2) an order of the same court dated June 20, 1996, and (3) an order of the same court dated November 6, 1996, in effect, to recall and vacate the decision and order of this Court dated October 27, 1997, which determined the appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and the decision and order of this Court dated October 27, 1997 (243 AD2d 694), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant third-party plaintiff Yonkers Contracting Co., Inc., appeals (1) as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Kitzes, J.), dated March 13, 1996, which, upon a jury

verdict, *inter alia*, is in favor of the plaintiff and against it in the principal sum of $2,000,000 for past pain and suffering and $500,000 for future pain and suffering, (2) from stated portions of an order of the same court (Price, J.), dated June 20, 1996, which, *inter alia*, granted the motion by Rice-Mohawk U.S. Construction Co., Ltd., for summary judgment dismissing the third-party complaint, and (3) from an order of the same court (Price, J.), dated November 6, 1996, which granted the motion by Rice-Mohawk U.S. Construction Co., Ltd., to resettle the June 20, 1996, order by adding thereto a provision vacating so much of the order and judgment dated March 13, 1996, as granted Yonkers Contracting Co., Inc., judgment against Rice-Mohawk U.S. Construction Co., Ltd.

Ordered that the order and judgment dated March 13, 1996, is modified, on the facts and as a matter of discretion, and a new trial is granted on the issue of damages for past pain and suffering only, unless within 20 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to past pain and suffering to the sum of $500,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the order and judgment, as reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated June 20, 1996, is modified by deleting from the first decretal paragraph the words "in its entirety" and substituting therefor the words "to the extent of payments actually made by Admiral Insurance Company and General Star National Insurance Company on behalf of Yonkers Contracting Co., Inc."; as so modified, the order dated June 20, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 6, 1996, is affirmed, without costs or disbursements.

Yonkers Contracting Co., Inc. (hereinafter Yonkers), entered into a contract with Rice-Mohawk U.S. Construction Co., Ltd. (hereinafter Rice-Mohawk), by which Rice-Mohawk would perform metal work on behalf of Yonkers. Pursuant to this contract, Rice-Mohawk obtained a general liability policy from Admiral Insurance Company (hereinafter Admiral) and an umbrella policy from General Star National Insurance Co. (hereinafter General Star), both of which named Yonkers as an additional insured.

The plaintiff was injured while working as a steel connector for Rice-Mohawk when he fell off a crane. Consequently, the plaintiff sustained serious permanent injury to his right ankle, and, thereafter, commenced this action against, among others, Yonkers. Yonkers brought, *inter alia*, a third-party action against Rice-Mohawk, seeking, among other things, common-law indemnification and contribution. After a jury trial, Yonkers and Rice-Mohawk were each found to be 50% at fault in the happening of the accident. The Supreme Court granted Rice-Mohawk's motion to dismiss the third-party complaint as violative of the antisubrogation rule (*see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281).

Rice-Mohawk and Yonkers are both insured under Admiral's general liability insurance policy. Contrary to Yonkers' contention, the Admiral insurance policy provides coverage for bodily injury sustained by Rice-Mohawk employees. In addition, Rice-Mohawk and Yonkers are both insured under General Star's umbrella insurance policy. Yonkers did not allege that there were any exclusions of coverage for the plaintiff's injury under the General Star policy.

The antisubrogation rule bars Admiral and General Star from passing the risk of loss from themselves to Rice-Mohawk (their insured), which would thereby deny Rice-Mohawk the very insurance coverage it had purchased from Admiral and General Star (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Small v Yonkers Contr.,* 242 AD2d 378). Accordingly, the Supreme Court properly determined that the antisubrogation rule applied to Yonkers' cause of action for common-law indemnification and contribution against Rice-Mohawk.

We note, however, that an insurer, paying on a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss (*see, Winkelmann v Excelsior Ins. Co.,* 85 NY2d 577, 582; *Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366, 372; *Safeguard Ins. Co. v Rosen,* 39 AD2d 851, *affd* 31 NY2d 1054; 6A Appleman, Insurance Law & Practice § 4051, at 103; 16 Couch, Insurance 2d § 61:4, at 77 [rev ed]). Thus, a right of subrogation arises only upon payment of a loss by the insurer. To vindicate the antisubrogation rule and still preserve the rights of Yonkers to recover losses for which it was not actually compensated by the insurers, Admiral and General Star, the Supreme Court should have provided that the common-law indemnification and contribution claims against Rice-Mohawk would be dismissed *pro tanto* to the extent of payments actually made by Admiral and

General Star on behalf of Yonkers. The order dated June 20, 1996, is modified accordingly.

Yonkers' further contention that the indemnification clause is void and unenforceable under General Obligations Law § 5-322.1, raised for the first time on appeal, is not properly before this Court (*see, Green Point Sav. Bank v Oppenheim,* 217 AD2d 571). In any event, the claim is without merit (*see, Small v Yonkers Contr., supra*).

In the exercise of our factual review power, we find that the award of $2,000,000 for past pain and suffering materially deviates from what would be reasonable compensation to the extent that the award exceeds $500,000 (*see,* CPLR 5501 [c]). We, therefore, order a new trial on the issue of damages as to past pain and suffering only, unless the plaintiff stipulates to entry of a new judgment based on this award.

Yonkers' remaining contention is academic in light of our determination. Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.