■ PADMINI SUGRIM, an Infant, by Her Father and Natural Guardian, GANGARAM SUGRIM, et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [697 NYS2d 314] —In an action to recover damages for medical malpractice, the defendants City of New York and Department of Health of the

City of New York appeal from (1) a judgment of the Supreme Court, Queens County (Polizzi, J.), entered May 19, 1998, which, upon a jury verdict in favor of the plaintiffs and against them on the issue of liability, and upon a jury verdict awarding the plaintiff Gangaram Sugrim damages in the sum of $350,000 for past medical expenses and the plaintiff Padmini Sugrim damages in the sum of $7,225,000 ($2,750,000 for past pain and suffering, $475,000 for future medical expenses, and $4,000,000 for future pain and suffering), is in favor of the plaintiffs and against them, and (2) an order of the same court, dated June 23, 1998, which denied their motion, *inter alia*, pursuant to CPLR 4404 to set aside the verdict.

Ordered that the judgment is reversed, on the law, and as an exercise of discretion, with costs, and a new trial is granted to the plaintiff Padmini Sugrim on the issue of damages for pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiff Padmini Sugrim, by her father Gangaram Sugrim, shall serve and file with the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $2,750,000 to the sum of $1,500,000 and for future pain and suffering from the sum of $4,000,000 to the sum of $2,000,000, and to the entry of an appropriate amended judgment; in the event the plaintiff Padmini Sugrim so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment with the rate of interest to be determined by the court in accordance herewith; and it is further,

Ordered that the order dated June 23, 1998, is modified accordingly.

The plaintiffs elicited sufficient expert medical testimony from which the jury could rationally conclude that the infant plaintiff's injuries were proximately caused by the negligence of the appellants (*see, Depradine v New York City Health & Hosps. Corp.,* 255 AD2d 288; *Devito v Opatich,* 215 AD2d 714). Moreover, upon our review of the record, we conclude that the verdict in favor of the plaintiffs was not against the weight of the credible evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

We do find, however, that the damages awarded to the plaintiff Padmini Sugrim for past and future pain and suffering are excessive to the extent indicated.

The appellants correctly contend that it was within the Supreme Court's discretion to award interest on the judgment at a rate of less than 9% per annum (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76; *Storms v Vargas,* 256 AD2d 458; *Gotoy v City of New York,* 249 AD2d 268). Since it is unclear from the record whether the Supreme Court exercised its discretion in arriving at the interest rate, the matter is remitted for a determination of an appropriate interest rate.

The appellants' remaining contentions are without merit. Joy, J. P., Friedmann, Goldstein and McGinity, JJ., concur.