■ NICOLO ANTONITTI et al., Plaintiffs, v CITY OF GLEN COVE, Defendant and Third-Party Plaintiff-Respondent. PERNA CONTRACTING CORPORATION, Third-Party Defendant-Appellant. [698 NYS2d 722] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated May

26, 1998, which denied its motion to dismiss the third-party complaint.

Ordered that the order is modified by deleting the provision thereof denying the motion in its entirety and substituting therefor provisions granting the motion to the extent that so much of the third-party complaint as seeks indemnification for payments actually made by Reliance Insurance Company on behalf of the defendant third-party plaintiff City of Glen Cove is dismissed and otherwise denying the motion; as so modified, the order is affirmed, with costs to the third-party defendant.

The plaintiff, an employee of the third-party defendant Perna Contracting Corporation (hereinafter Perna), was injured while working on premises owned by the defendant third-party plaintiff City of Glen Cove (hereinafter the City). The plaintiff later commenced this action against the City. Notably, both Perna and the City were insured under the same general liability policy issued by Reliance Insurance Company (hereinafter Reliance) to Perna, with the City named as an additional insured.

Reliance thereafter undertook to defend the City. Subsequently, a Reliance "litigation supervisor" advised Perna that the City, through counsel Reliance had retained for it, would soon be instituting a third-party action against Perna. Perna moved to dismiss the subsequently commenced third-party action, arguing, *inter alia*, that it violated the antisubrogation rule. The Supreme Court denied the motion. We modify.

Although the general liability policy insuring both the City and Perna contains an exclusion for liability deriving from bodily injury to Perna's employees, there is an exception to this exclusion for liability assumed by Perna under an "insured contract".

We agree with Perna that the underlying construction contract, which requires, among other things, that Perna indemnify the City for claims arising from injuries to Perna's employees, qualifies as an "insured contract" within the meaning of the policy (*cf., Grefer v Anderson,* 249 AD2d 892, 893). The third-party claim for indemnity interposed by the City thus represents a potential liability for which Perna was covered under the policy (*see, Morales v City of New York,* 239 AD2d 566, 567; *see also, Maksymowicz v New York City Bd. of Educ.,* 232 AD2d 223; *cf., Grefer v Anderson, supra*). Accordingly, by advancing the subject third-party claim, the City—in reality, Perna's general liability carrier—was impermissibly attempting to pass "the incidence of loss to its own insured", in violation of the antisubrogation rule (*see, North Star Reins. Co.*

*v Continental Ins Co.,* 82 NY2d 281, 294; *Morales v City of New York, supra*; *Maksymowicz v New York City Bd. of Educ., supra*). Under these circumstances, Perna's motion to dismiss the third-party complaint should have been granted (*see, Maksymowicz v New York City Bd. of Educ., supra*).

We note, however, that an insurer, on paying a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss (*see, Winkelmann v Excelsior Ins. Co.,* 85 NY2d 577, 582; *Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366, 372; *Safeguard Ins. Co. v Rosen,* 39 AD2d 851, *affd* 31 NY2d 1054; 6A Appleman, Insurance Law & Practice § 4051, at 103; 16 Couch, Insurance 2d § 61:4, at 77). Thus, a right of subrogation arises only upon payment of a loss by the insurer. To vindicate the antisubrogation rule and still preserve the rights of the City to recover losses for which it was not actually compensated by its insurer, the common-law indemnification claims against Perna should be dismissed *pro tanto* to the extent of payments actually made by the insurer (*see, Small v Yonkers Contr.,*242 AD2d 378).

The City's remaining contentions are without merit. Ritter, J. P., Thompson, Altman and Friedmann, JJ., concur.