■ TRANSCONTINENTAL INSURANCE COMPANY, Appellant, v STATE INSURANCE FUND, Respondent. [705 NYS2d 475] —Judgment unanimously modified on the law and as modified affirmed with costs to defendant and judgment granted in accordance with the following Memorandum: This is a dispute between two insurers concerning whether both must contribute to the defense and settlement of an underlying personal

injury action. The underlying action was commenced against the owner of a construction site, the New York Power Authority (NYPA), which in turn impleaded the contractor, Master Painting and Sheeting Company, Inc. (Master), seeking indemnification. Plaintiff, Transcontinental Insurance Company, insured Master under a Commercial General Liability (CGL) policy. Pursuant to Master's contractual obligation to indemnify NYPA, plaintiff assumed the defense of the underlying action, incurring expenses of $23,000 and eventually settling it on behalf of NYPA for approximately $700,000. Plaintiff then commenced this action against defendant, State Insurance Fund, which insured Master for liability via the "1B" coverage of a workers' compensation insurance policy. Plaintiff seeks a declaration that defendant must contribute to the defense and settlement of the underlying action as the "coinsurer" of Master.

Plaintiff appeals from a judgment denying its motion for summary judgment on the complaint and instead dismissing the complaint. Supreme Court determined that plaintiff is estopped from denying that NYPA is an additional insured under the CGL policy, that NYPA and Master thus are coinsureds under that policy, and that plaintiff's claim against defendant therefore is barred by the antisubrogation rule.

We need not address whether NYPA is an additional insured under the CGL policy issued by plaintiff to Master. Because plaintiff essentially seeks to recoup from its own insured, Master, for the very risk for which Master purchased the CGL policy, this claim is barred by the antisubrogation rule (*see, North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 471-472), irrespective of whether NYPA is itself an additional insured under the policy (*see, Antonitti v City of Glen Cove*, 266 AD2d 487; *Maksymowicz v New York City Bd. of Educ.*, 232 AD2d 223, *appeal withdrawn* 234 AD2d 1017).

Because plaintiff seeks a declaratory judgment, the court should not have dismissed the complaint and should have declared the rights of the parties (*see, Matter of Boyd v Allstate Life Ins. Co.*, 267 AD2d 1038). We modify the judgment, therefore, by vacating the provision dismissing the complaint and by granting judgment in favor of defendant declaring that defendant is not obligated to reimburse plaintiff for monies expended in the defense and settlement of the underlying action. (Appeal from Judgment of Supreme Court, Onondaga County, Tormey, III, J.—Declaratory Judgment.) Present— Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.