■ Alberto Gutierrez et al., Respondents, v City of New York et al., Appellants. [715 NYS2d 332] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), entered August 4, 1999, which, upon a jury verdict on the issue of damages finding that the plaintiff Alberto Gutierrez had sustained damages in the sum of $765,000 for past pain and suffering, and in the sum of $2,315,000 for future pain and suffering, is in favor of the plaintiff Alberto Gutierrez and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages, unless within 30 days after service upon the plaintiff Alberto Gutierrez of a copy of this decision and order, together with notice of entry, the plaintiff Alberto Gutierrez shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $765,000 to the sum of $500,000, and as to future pain and suffering from the sum of $2,315,000 to the sum of $500,000, and to the entry of an appropriate amended

judgment; in the event that the plaintiff Alberto Gutierrez so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment accordingly.

Contrary to the defendants' contention, the infant plaintiff did not assume the risk of injury. The teacher who supervised his activity failed to "exercise ordinary reasonable care to protect" him "from unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658; *see, Baker v Briarcliff School Dist.,* 205 AD2d 652).

The award of damages is excessive to the extent indicated herein (*see, Pierce v City of New York,* 253 AD2d 545, 547).

We further note that the court should have set forth its reasons for applying the prejudgment interest rate that it applied (*see, Sugrim v City of New York,* 266 AD2d 203).

The defendants' remaining contentions are either without merit or relate to harmless error. Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.