◼ ROBIN VAN NESS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [734 NYS2d 73] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Belen, J.), dated August 9, 2000, which, upon a jury verdict on the issue of liability finding it 60% at fault and the plaintiff 40% at fault for the happening of the accident, and finding that the plaintiff sustained damages in the sum of $700,000 for past pain and suffering, $27,000 for past loss of income, $75,000 for past medical expenses, $1,000,000 for future pain and suffering, and $600,000 for future medical expenses, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages for past pain and suffering, future pain and suffering, and future medical expenses, and substituting therefor a provision severing those causes of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, she shall serve and file in the Office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from $420,000 (60% of $700,000) to $120,000 (60% of $200,000), as to future pain and suffering from $600,000 (60% of $1,000,000) to $240,000 (60% of $400,000), and as to future medical expenses from $360,000 (60% of $600,000) to $270,000 (60% of $450,000), and to the entry of an appropriate amended judgment; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On January 12, 1994, while attempting to board a train at a Brooklyn subway station, the plaintiff, who was then 30 years old, slipped and fell on wet paint. Her right leg went into the

gap between the train and the platform, causing her to suffer injuries to her right knee and lower back.

In May 1994 the plaintiff commenced the instant action against the defendant New York City Transit Authority (hereinafter the NYCTA). After a trial on the issue of liability, the jury found the NYCTA 60% at fault and the plaintiff 40% at fault in the happening of the accident. After a trial on the issue of damages, the jury found that the plaintiff's damages were, *inter alia*, $700,000 for past pain and suffering, $1,000,000 for future pain and suffering, and $600,000 for future medical expenses. The awards for future damages were based on a period of 45 years. The trial court denied the NYCTA's motion pursuant to CPLR 4404 (a) to reduce the damages. On appeal, the NYCTA asserts that the damages award was excessive. We agree.

"While the amount of damages to be awarded for personal injuries is primarily a question for the jury * * * the award may be set aside when it deviates materially from what would be reasonable compensation" (*Walsh v Kings Plaza Replacement Servs.*, 239 AD2d 408, 409; *see,* CPLR 5501 [c]; *In Soo Kim v Jung Woo Constr. Corp.*, 264 AD2d 467, 468). Based on our review of the evidence, we conclude that the jury's determination of the plaintiff's damages with respect to past pain and suffering, future pain and suffering, and future medical expenses deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

With respect to damages for past pain and suffering, the plaintiff presented evidence establishing that as a result of the underlying incident, she suffered injuries to her right knee, for which she has twice undergone arthroscopic surgery. In June 1994 the plaintiff had surgery to repair a traumatically-induced tear of the medial meniscus of her right knee and a traumatically-induced flap tear on the femoral condyle. After a brief period during which her knee began to feel better, the pain eventually worsened. In July 1998 the plaintiff underwent a second arthroscopic surgery to her right knee. According to Dr. Robert Goldstein, who performed the second surgery, the plaintiff suffered from grade three chondromalacia, and she had pieces of cartilage hanging down from underneath her kneecap.

Dr. Goldstein also indicated that in the future, the plaintiff will have to undergo several arthroscopies, the present cost of which is about $10,000 per procedure, and a total knee replacement, the present cost of which is about $50,000. Additionally, she will have to undergo regular physical therapy two to three times per week, at a cost of about $75 to $125 per visit.

In addition, the plaintiff presented evidence that she suffered injury to her lower back as a result of the subject incident. In November 1995 the plaintiff was diagnosed as suffering from spasms and severe myofascial pain in her lower back. She has been treated with different types of medications, including muscle relaxants, anti-inflammatory medication, antidepressants and narcotics. When the medications failed to work, the plaintiff received "trigger point injections" directly into the spasmatic muscle.

We agree with the NYCTA that the jury's award of $700,000 for past pain and suffering deviates materially from what would be reasonable compensation, and that based on the evidence presented, an award of $200,000 represents reasonable compensation for her past pain and suffering (see, Parros v 1500 Realty Co., 226 AD2d 607; Serra v City of New York, 215 AD2d 643; Burton v New York City Hous. Auth., 191 AD2d 669; Castellano v City of New York, 183 AD2d 800).

Likewise, we agree with the NYCTA that the jury's award of $1,000,000 for future pain and suffering deviates materially from what would be reasonable compensation (see, CPLR 5501 [c]). Under the facts of this case, especially in light of the fact that the jury awarded the plaintiff future damages based on a period of 45 years, we find that an award of $400,000 represents reasonable compensation for the plaintiff's future pain and suffering (see, Gutierrez v City of New York, 276 AD2d 745; Pierce v City of New York, 253 AD2d 545).

Finally, any award above $450,000 for future medical expenses is speculative and cannot stand (see, Korn v Levick, 231 AD2d 606; Sanvenero v Cleary, 225 AD2d 755). Ritter, J. P., Friedmann, Luciano and Smith, JJ., concur.