■ MORGAN FUEL & HEATING CO., INC., Appellant, v LEXING-
TON INSURANCE COMPANY et al., Respondents, et al., Defendant.
[964 NYS2d 574]—

In an action, inter alia, for a judgment declaring that the
defendants Lexington Insurance Company and New Hampshire
Insurance Company are obligated to provide coverage to, defend,
and indemnify the plaintiff for claims made by the State of New
York Workers' Compensation Board arising out of the plaintiff's
former membership in the Transportation Industry Workers'
Compensation Trust, the plaintiff appeals from an order of the
Supreme Court, Dutchess County (Brands, J.), dated December
21, 2011, which granted the motion of the defendants Lexington
Insurance Company and New Hampshire Insurance Company
for summary judgment in their favor on the complaint and
denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs, and the matter
is remitted to the Supreme Court, Dutchess County, for the
entry of a judgment, inter alia, declaring that the defendants
Lexington Insurance Company and New Hampshire Insurance
Company are not obligated to provide coverage to, defend, or
indemnify the plaintiff for claims made by the State of New
York Workers' Compensation Board arising out of the plaintiff's
former membership in the Transportation Industry Workers'
Compensation Trust.

The plaintiff is a former member of the Transportation
Industry Workers' Compensation Trust (hereinafter the Trust).
As a member of the Trust, the plaintiff became jointly and sev-
erally liable for all workers' compensation obligations of all the
members of the Trust. The Trust allegedly was mismanaged
resulting in a deficiency of funds. The State of New York
Worker's Compensation Board (hereinafter the Board) seeks to
recover from the plaintiff its pro rata share of that deficiency.
The plaintiff seeks insurance coverage for the Board's claims.

The Supreme Court properly granted the motion of the
defendants Lexington Insurance Company and New Hampshire
Insurance Company (hereinafter together the Insurers) for sum-
mary judgment in their favor on the complaint (*see Town of
Harrison v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89
NY2d 308, 316 [1996]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d
304, 310 [1984]; *Global Constr. Co., LLC v Essex Ins. Co.*, 52
AD3d 655, 656 [2008]). The Insurers established their prima
facie entitlement to judgment as a matter of law by demonstrat-
ing that their policies did not provide coverage to the plaintiff

for the Board's claims against it. The insurance applies only to "bodily injury" which "is caused by an 'occurrence.' " Here, the plaintiff's liability arises from its membership in the Trust, and the alleged subsequent mismanagement of the Trust, not from any "bodily injury" caused by an "occurrence" (*see Farm Family Cas. Ins. Co. v Brady Farms, Inc.*, 87 AD3d 1324 [2011]).

Contrary to the plaintiff's contention, the agreement to enter into the Trust does not constitute an "insured contract" under the policies (*see Antonitti v City of Glen Cove*, 266 AD2d 487 [1999]; *Maksymowicz v New York City Bd. of Educ.*, 232 AD2d 223 [1996]). The insurance excludes from coverage "[a]ny obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law." The Trust agreement is an obligation of the plaintiff under the Workers' Compensation Law, and is therefore excluded from coverage (*see Pioneer Tower Owners Assn. v State Farm Fire & Cas. Co.*, 12 NY3d 302, 307 [2009]; *Jahier v Liberty Mut. Group*, 64 AD3d 683, 685 [2009]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the Insurers are not obligated to provide coverage to, defend, or indemnify the plaintiff for claims made by the Board arising out of the plaintiff's former membership in the Trust (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.