GEICO Insurance, as Subrogee of Denise A. Runco, Appellant, 
against
Brian Sullivan, Respondent. NO. DECIDED Smith, Carroad, Levy & Wan, P.C., Christine Medlock, Esq., for appellant. Brian Sullivan, respondent pro se (no brief filed).



Appeal from an order of the District Court of Nassau County, First District (Ignatius L. Muscarella, J.), dated April 6, 2015. The order denied plaintiff's motion for leave to enter a default judgment.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this subrogation action to recover the sum of $12,069.59,[FN1]
representing the amount it had paid to its subrogor for lost wages and for property damage to the subrogor's vehicle as a result of a collision involving her vehicle and defendant's vehicle. The complaint alleged that the collision had been caused "solely by the negligence of the Defendant . . . in the ownership, operation, maintenance and control" of defendant's vehicle. After defendant failed to appear or answer, plaintiff moved for leave to enter a default judgment. The District Court denied plaintiff's unopposed motion, noting that plaintiff had failed to include either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts, as required by CPLR 3215 (f). Plaintiff appeals, contending that the affidavit of its payment recovery examiner, which contained a detailed factual analysis of the disbursements that [*2]had been made to plaintiff's subrogor, accompanied by supporting documents in admissible form, were sufficient to demonstrate that payment had been made and therefore warranted the granting of its motion.

CPLR 3215 (f) provides in pertinent part that, upon an application for judgment by default, "the applicant shall file proof of service of the summons and the complaint, . . . and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party. . . . Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney."

A subrogation action "allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (Kaf-Kaf, Inc. v Rodless Decorations, 90 NY2d 654, 660 [1997]). Upon payment of the amount of the loss to its insured, the insurer becomes the equitable owner of any right of action of the insured to recover a corresponding amount from the person responsible for the loss (see Antonitti v City of Glen Cove, 266 AD2d 487 [1999]; see also Winkelmann v Excelsior Ins. Co., 85 NY2d 577, 581 [1995]; Federal Ins. Co. v Arthur Andersen & Co., 75 NY2d 366, 373 [1990]; Hamilton Fire Ins. Co. v Greger, 246 NY 162, 168-169 [1927]).

In this action, plaintiff was required to show, in an affidavit by someone with personal knowledge of the facts surrounding the accident, that, among other things, defendant was legally responsible for the loss, i.e., that defendant was negligent. Neither the conclusory allegations of negligence in the "verified complaint," which had been verified by plaintiff's "representative," nor the affidavit of plaintiff's recovery examiner, who relied upon the description of the accident in the police report annexed to the motion papers to imply that defendant was negligent, was sufficient to support plaintiff's motion, as neither demonstrated personal knowledge of the facts relating to the underlying accident so as to establish defendant's liability therefor (see GEICO v Harris, 20 Misc 3d 135[A], 2008 NY Slip Op 51524[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). As a result, the District Court properly denied plaintiff's motion. 

Accordingly, the order is affirmed.

Marano, P.J., Tolbert and Brands, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 07, 2017



Footnotes

Footnote 1: The amount sought was later reduced to $9,746.59.