Bosquez v RXR Realty LLC (2021 NY Slip Op 03990)





Bosquez v RXR Realty LLC


2021 NY Slip Op 03990


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 450464/2020 Appeal No. 14111-14112N Case No. 2020-04718, 2021-00522 

[*1]Jose Rodriguez Bosquez, Plaintiff,
v
RXR Realty LLC et al., Defendants. _ Hunter Roberts Construction Group, L.L.C., et al., Third-Party Plaintiff-Respondents,


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellant.
Staub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered August 11, 2020, which granted third-party defendant Global Iron Works, Inc.'s motion to dismiss the third-party complaint as against it only to the extent of barring the claims until the liability limits of the CCIP Commercial General Liability policy issued by Arch Insurance Company and the CCIP Corridor Excess policy issued by National Union Fire Insurance Company are exhausted, unanimously affirmed, with costs. Order, same court and Justice, entered February 5, 2021, which, to the extent appealed from as limited by the briefs, denied Global's motion to renew its motion to dismiss, unanimously affirmed, with costs.
The injured plaintiff commenced this action against Hunter Roberts, RXR Pier 57, Super P57, and others, asserting claims sounding in common law negligence and violations of the Labor Law. Defendants -third-party plaintiffs (Hunter Roberts, RXR Pier 57, and Super P57) commenced the third-party action against Global, among others, seeking, as relevant, contribution and common-law indemnification from Global, the injured plaintiff's employer. Global moved pursuant to CPLR 3211(a)(7) to dismiss the' third-party complaint for failure to state a cause of action or, alternatively for summary judgment pursuant to CPLR 3212 . Global asserted, among other things, that the common-law indemnity and contribution claims are barred by the anti-subrogation rule because Global is entitled to coverage under the same CCIP GL Tower policies as third-party plaintiffs.
Supreme Court granted Global's motion in part and denied it in part. Specifically, as relevant here, the court found that (1) the anti-subrogation rule barred the third-party complaint only to the extent of the common coverage afforded by the Arch CGL Policy and Corridor Excess Policy; and (2) the anti-subrogation rule did not bar the claims covered under the Lead and High Excess Policies. Thus, in effect, the court found that once the limits of liability of the Arch GL Policy and AIG Corridor Excess Policy are exhausted, third-party plaintiffs' indemnification and contribution claims could proceed against Global. Global now appeals, contending that the court should have dismissed the third-party complaint in its entirety. For the reasons that follow, we affirm.
The two excess policies that the court found are not implicated by the anti-subrogation rule are an umbrella liability policy (the AIG Lead Excess Policy) issued by National Union Fire Insurance Company, a member of nonparty AIG Insurance Company (and hereinafter referred to as AIG), providing coverage in excess of the limits of a commercial general liability (CGL) policy issued by nonparty Arch Insurance Company and an excess liability policy (the AIG Corridor Express Policy) issued by AIG providing coverage in excess of the Arch CGL policy, and an excess liability policy (the AIG High Excess Policy) issued by Lexington Insurance Company, another AIG member [*2]company, providing coverage in excess of the other policies.
The AIG Lead Excess Policy and the AIG High Excess Policy (together, the AIG Excess Policies) contain an "Employer's Liability Exclusion Endorsement" that provides, "This Insurance does not apply to any liability arising out of Bodily Injury to an employee in the course of employment, where the obligation of any underlying insurer or self-insurance mechanism providing employer's liability coverage for the Insured is by law unlimited." Given the Workers' Compensation/Employer's Liability policy issued by Arch to Global, which provided for unlimited coverage for a worker's "grave injury" suffered at the job site in the scope of his employment (the Arch WCEL Policy), the endorsement in the AIG Excess Policies unambiguously excludes Global, as plaintiff's employer, from coverage under those policies. Accordingly, the antisubrogation rule is not implicated.
Global argues alternatively that AIG (and by extension, defendants/third-party plaintiffs) should be estopped to disclaim coverage because it failed to do so in a timely manner. The AIG Excess Policies required Global to notify AIG of a claim in a timely manner, which Global failed to do. However, even if Global had given timely notice, AIG was never obligated to disclaim coverage to Global under the AIG Excess Policies, since these policies apply only after all other applicable underlying insurance limits have been exhausted, and those limits will never be exhausted in this case, because the Arch WCEL Policy unambiguously provides unlimited coverage to Global for an employee's grave injury. Since the AIG Excess Policies will never be triggered, AIG had no duty to disclaim coverage under them (Matter of Allcity Ins. Co. [Sioukas], 51 AD2d 525 [1st Dept 1976], affd 41 NY2d 872 [1977]).
The motion court providently exercised its discretion in denying Global's motion to renew, since Global could have learned of the purportedly "new" facts had it exercised the requisite due diligence (see 225 Fifth Ave. Retail LLC v 225 5th, LLC, 92 AD3d 471, 471 [1st Dept 2012]).
We have considered Global's remaining contentions and find them
unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021