Starr Indem. & Liab. Co. v Zurich Am. Ins. Co. (2023 NY Slip Op 00045)

Starr Indem. & Liab. Co. v Zurich Am. Ins. Co.

2023 NY Slip Op 00045

Decided on January 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023

Before: Renwick, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 656346/20 Appeal No. 17032 Case No. 2022-02350 

[*1]Starr Indemnity and Liability Company et al., Plaintiffs-Appellants,
v
Zurich American Insurance Company, Defendant-Respondent, BDG Gotham Residential, LLC, et al., Defendants.

Gimigliano Mauriello & Maloney, P.A., New York (John Maloney of counsel), for Starr Indemnity and Liability Company, appellant.
Lazare Potter Giacovas & Moyle LLP, New York (Andrew M. Premisler of counsel), for Navigators Insurance Company, appellant.
Boyle Shaughnessy Law, P.C., White Plains (Michael D. DeMeola of counsel), for respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about May 13, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff excess insurers Starr Indemnity and Liability Company and Navigators Insurance Company's motions for partial summary judgment declaring that the anti-subrogation rule does not bar the assertion of contribution and indemnification claims by defendants BDG Gotham Residential, LLC (Gotham) and ZDG, LLC against nonparty Western Waterproofing Company, Inc., and granted defendant primary insurer Zurich American Insurance Company's motion for partial summary judgment for a contrary declaration, unanimously affirmed, with costs.
Defendant Gotham (as owner) and defendant ZDG (as construction manager) entered into a Construction Management Agreement (CMA) to build a mixed-use building at 158 E. 126th (the project). The CMA required ZDG to obtain a Contractor Controlled Insurance Program (CCIP). Additionally, the CMA required all contractors and subcontractors to be provided with coverage under the CCIP. Defendant Zurich issued to ZDG a general liability insurance policy (the primary policy) which stated that the named insured was ZDG and "all contractors of any tier to whom ZDG LLC contracts to furnish insurance under the [CCIP], enroll in the program and who perform operations at a designated project site." Gotham was also listed as an additional insured.
On "top" of the primary policy, ZDG was issued several excess liability policies by the plaintiffs, including, as relevant to this appeal, a Starr Indemnity and Liability Co. policy and Navigators Insurance Co. policy.
ZDG subcontracted with nonparty Western to install a curtainwall faÇade for the project. This lawsuit stems from an accident at the project site that allegedly injured two Western employees.
The primary policy's contractual liability and employer's liability exclusions contain an exception for liability for damages "[a]ssumed in a contract or agreement that is an 'insured contract.'" As Western is a named insured under the primary policy, and agreed to indemnify ZDG and others, claims on behalf of Gotham and ZDG under the primary policy against Western are barred by the anti-subrogation rule (see Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 468 [1986]; Maksymowicz v New York City Bd. of Educ., 232 AD2d 223, 224 [1st Dept 1996]).
Contrary to appellants' argument, the language in the excess policies does not require an alternative conclusion. The excess policies, pursuant to the follow form clause, must adhere to the Employer's Liability and Contractual Liability Exclusions contained in the Primary Policy and the anti-subrogation rule applies to the excess policies as well.
Moreover, the cases upon which appellants rely are distinguishable. For example, in Bosquez v RXR Realty LLC (195 AD3d 536 [1st Dept 2021]), we held that two excess policies were not implicated by the anti-subrogation rule. However[*2], in contrast to the case before us, the excess policies in Bosquez, for which the rule was deemed inapplicable, did not contain follow form clauses.
We have considered counsel's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2023